El Juez Asociado Sr. Sulzbacher no intervino en la resolución de este caso.

---

ARGUESO ET AL. *v.* MULLENHOFF & KORBER.

APELACIÓN procedent de la Corte de Distrito de Humacao.

No. 98.—Resuelto en Diciembre 22, 1903.

COMPETENCIA.—ACCIÓN DE NULIDAD.—ACCIÓN PERSONAL.—La acción ejercitada en el caso de autos, sobre nulidad de cláusulas de escrituras hipotecarias y liquidación general de abonos, es *personal* y por lo tanto es competente para conocer de ella el Tribunal del lugar en que deba cumplirse la obligación, y á falta de éste, el del domicilio del demandado, ó el del lugar del contrato, á no ser que hubiera habido sumisión expresa ó tácita.

No. 98.—Decided December 22, 1903.

COMPETENCIA.—RECLAMACIONES DEL DEUDOR Ó TERCEROS POSEEDORES.—Las disposiciones del Art. 170 del Reglamento para la ejecución de la Ley Hipotecaria, en materia de competencia, deberán interpretarse en armonía con las del Art. 175 del mismo Reglamento, según el cuál, todas las reclamaciones que formulare el deudor ó terceros poseedores y demás interesados en un procedimiento sumario, con excepción de las que el mismo artículo enumera, se ventilarán en el juicio plenario correspondiente, y la competencia para conocer de este juicio habrá de determinarse *por las reglas ordinarias.*

## EXPOSICIÓN DEL CASO.

En el juicio promovido ante· la Corte de Distrito de Humacao por Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya contra los Señores Mullenhoff & Korber, sobre nulidad de cláusulas de escrituras hipotecarias, liquidación general de abonos y otros extremos; juicio pendiente ante *nos* á virtud de recurso de apelación interpuesto por los demandantes contra resolución de dicha Corte en cuestión de competencia, habiendo representado á la parte recurrente el Letrado Don Rafael López Landrón, y á la parte recurrida el Letrado Don Jacinto Texidor.

*Resultando*: que con fecha cuatro de Mayo último, los esposos Don Manuel Argüeso y Flores y Doña Ernestina Frías y Noya, presentaron demanda contra la Sociedad Mercantil Mullenhoff & Korber, de esta Capital, ante el Tribunal de Distrito de Humacao, para que, por los trámites del juicio declarativo, se ordenara por sentencia definitiva, entre otras cosas, que se subsanaran los errores de cantidad cometidos por duplicación de intereses en escrituras hipotecarias otorgadas bajo los números 81 y 82, en diez de Mayo del año próximo pasado, por la referida Sociedad y los demandantes, ante el Notario Don Herminio Díaz Navarro, de gravámenes impuestos á favor de los demandados, sobre la Hacienda Central "Ingenio" del barrio de "Aguacate", de la jurisdicción de Yabucoa, de la propiedad de los referidos esposos, se anularan determinadas cláusulas de las men-

PERSONAL ACTION.—An action for the annulment of certain clauses of a mortgage and for general liquidation of accounts is a personal action.

ID.—CLAIMS OF THE DEBTOR OR THIRD PARTIES IN POSSESSION.—The provision of article 170 of the Regulations for the execution of the Mortgage Law in matters of competency, must be construed in connection with article 175 of said Regulations, according to which all actions that may be brought by the debtor, as well as by third parties in interest and any other interested persons in a summary proceeding, with the exception of those mentioned in the same law, should be disposed of in a proper final trial and the competency to take cognizance of this action shall be determined by the usual rules.

## STATEMENT OF THE CASE.

This case was prosecuted in the District Court of Humacao by Manuel Argueso y Flores and Ernestina Frías y Noya, against Müllenhoff & Korber, for the nullity of certain clauses of mortgage deeds, general liquidation of payments and other matters, which case is pending before us on appeal taken by the plaintiffs from the decision of said court upon a question of jurisdiction, the party appellant being represented by Attorney Rafael López Landrón, and the respondent by Jacinto Texidor, Esq.

On the 4th of May, 1903, Manuel Argueso y Flores and his wife Ernestina Frías y Noya, brought a declaratory action in the District Court of Humacao, against the mercantile firm of Müllenhoff & Kober of this city, praying that a final judgment be rendered, ordering among other things, that the errors in amounts be corrected which were committed by duplication of interest charges in the mortgage deeds Nos. 81 and 82, executed May 10, 1902, by aforesaid firm and the plaintiffs, before Notary Herminio Díaz Navarro, constituting encumbrances in favor of the defendants, upon the Central Estate "Ingenio," situated in *barrio* "Aguacate," within the municipal district of Yabucoa, belonging to aforesaid plaintiffs; that certain clauses of said deeds be annulled; that a general liquidation of the mortgages and accounts current carried between the parties for the preservation and develop-

cionadas escrituras y se practicara una liquidación general de las hipotecas y cuentas corrientes sostenidas entre las partes para conservación y fomento de dicho "Ingenio", mandando llevar á cabo las cancelaciones correspondientes.

*Resultando*: que admitida la anterior demanda, fueron citados y emplazados para contestarla los Señores Mullenhoff & Korber, quienes acudieron al Tribunal de Distrito de San Juan, para que requiriera de inhibición al de Humacao, á lo que accedió el Tribunal de San Juan, en auto de veinte y dos de Mayo último, librando oficio inhibitorio al de Humacao, para que se separara del conocimiento del juicio, como así lo acordó ese Tribunal en auto de trece de Agosto, auto que fué apelado por los consortes Argüeso, habiendo sido remitidas las actuaciones á esta Corte Suprema para la decisión del recurso.

*Resultando*: que tramitado el recurso en la forma correspondiente, después de instruidas las partes y resuelto un incidente de acumulación, se señaló día para la celebración de la vista, la cual tuvo lugar con asistencia é informe de las partes el día once de los corrientes.

Abogado de los apelantes: *Sr. López Landrón.*

Abogado de los apelados: *Sres. Díaz y Texidor.*

EL JUEZ ASOCIADO SR. MACLEARY, depués de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando*: que en el apartado primero del Artículo 62 de la Ley de Enjuiciamiento Civil, se dispone que fuera de los casos de sumisión expresa ó tácita, en los juicios, en que se ejercitan acciones personales, es Juez competente el del lugar en que debe cumplirse la obligación, y á falta de éste, á elección del demandante, el del domicilio del demandado, ó el del lugar del contrato, en el caso que dicho apartado expresa.

*Considerando*: que la acción ejercitada por los esposos Don Manuel Argüeso Flores y Doña Ernestina Frías Noya, sobre nulidad de cláusulas de las escrituras hipotecarias Nos.

ment of said estate be made, and that such cancellations as might be proper be effected.


The aforesaid complaint was admitted, and upon summoning Müllenhoff & Korber to appear for the purpose of answering the same, they applied to the District Court of San Juan for a writ of inhibition against the Humacao Court, which request was granted, the former issuing a writ enjoining the latter to abstain from taking cognizance of the case, whereupon the Humacao Court by an order dated August 13, deferred to the said District Court of San Juan. From said order the plaintiffs took an appeal and the record was forwarded to this Supreme Court for the decision of the appeal.

The appeal having been perfected, after the record was delivered to the parties and after disposing of an application for a consolidation, a day was set for the hearing, which took place on the 11th instant, both parties being present and arguing the case.

81 y 82, y liquidación general de abonos, y otros extremos, es personal; y·que, aun cuando así no fuera, consta la sumisión de los demandantes hecha expresamente, sin que pueda alegarse en contrario el precepto del Artículo 170 del Reglamento General para la ejecución de la Ley Hipotecaria que consigna que en el procedimiento para· el cobro de crédito hipotecario ó sus intereses "será Juez competente el· del lugar en que radican los bienes hipotecados, sin que se admita sumisión en contrario"; porque tal precepto debe aplicarse relacionándolo con el del Artículo 175, del mismo Reglamento, que dice que, fuera de los casos que enumera, "todas las demás reclamaciones que puedan formular,.así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título ó de.las actuaciones, ó sobre vencimiento, certeza, extinción ó cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo.—*La competencia para conocer de este juicio declarativo ʻse determinará por las reglas ordinarias"*.

*Considerando*: que, por los fundamentos expuestos, el Tribunal de San Juan es el competente para conocer del juicio de que se trata, y en su virtud es procedente y conforme á la Ley, el auto dictado en trece de Agosto por el Tribunal de Distrito de Humacao, inhibiéndose de conocer del referido juicio.

*Fallamos*: que debemos confirmar el auto apelado que dictó el Tribunal de Humacao en trece de Agosto último con las costas á cargo de los recurrentes; y líbrese al Tribunal de Distrito de Humacao la certificación correspondiente, con devolución de los autos que ha remitido.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras y Sulzbacher.